UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEN P. WILLIAMS,

    Plaintiff,

v.                                                               Case No. 6:07-cv-142-Orl-28DAB

LT. REX, *et al.*,

    Defendants.

---

**ORDER**

This case is before the Court on the following matters:

1.     Plaintiff's Motion for Appointment of Counsel (Doc. No. 31, filed September 14, 2007) is **DENIED**. A civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id.* In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. The Court determines that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). This is not a complex case and does not raise any new or novel legal issues or facts. Further, from the pleadings

filed in this case, Plaintiff has shown he is capable of prosecuting this action on his own and litigating this action *pro se*.

2. The parties are directed to conduct discovery so that the due date of any discovery requested shall be not later than January 2, 2008. Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

3. All motions to dismiss and/or for summary judgment shall be filed by **February 11, 2008**.

4. **On or before March 17, 2008**, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."** The Pretrial Narrative Statement shall contain:

 (a) A brief general statement of the case;

 (b) A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

 (c) A list of all exhibits to be offered into evidence at the trial of the case;

 (d) A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

 (e) A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

 (f) A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

 (g) A stipulation of facts/issues to be tried; and

 (h) An estimated length of trial.

Plaintiff shall serve a copy of this in accordance with paragraph 8.

5.     **On or before March 31, 2008**, Defendants shall file and serve upon Plaintiff a **"Pretrial Narrative Statement**," entitled as such. The Pretrial Narrative Statement shall comply with paragraph 4 (a) through (h).

6.     Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

7.     If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph 4 of this order, paragraph 5 of this order shall be inoperative and Defendant(s) shall notify the Court of Plaintiff's failure to comply.

8.     Plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

9.     On the consent of all parties, a United States Magistrate Judge may either (a) conduct all proceedings, including the entry of a final order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all proceedings and enter a final

order as to specified motions only. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule 6.05. Appeal is directly to the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment of the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. The parties are free to withhold consent without adverse substantive consequences, in which case a United States District Judge will enter final adjudication.

A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings including a final order and a trial, if warranted, shall sign and date Form AO85 and return the form to the Clerk. A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings and entry of a final order as to only specified motions shall sign and date Form AO85A and return the form to the Clerk. *The Clerk of the Court is directed to send to all counsel of record and all unrepresented parties a letter to counsel regarding proceedings before a United States Magistrate Judge, Form AO85, and Form AO85A.*

10. Plaintiff's Motion for Witnesses to Appear (Doc. No. 32, filed September 18, 2007) is **DENIED** without prejudice. Pursuant to this Order, Plaintiff may seek discovery in compliance with the Federal Rules of Civil Procedure.

11. Plaintiff's Motion to Seize Property (Doc. No. 33, filed September 18, 2007) is **DENIED** without prejudice for the same reason as stated in paragraph 10.

12. Plaintiff's Motion to Contest (Doc. No. 36, filed September 27, 2007) is **DENIED** as moot.

**DONE AND ORDERED** at Orlando, Florida, this 1st day of October, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 10/1
Counsel of Record
Ken P. Williams

Christine H.D. Moser
DeBevoise & Poulton, P.A.
1035 S. Semoran Blvd.
Suite 1010
Winter Park, FL 32792

Thomas W. Poulton
DeBevoise & Poulton, PA
Suite 1010
1035 S Semoran Blvd
Winter Park, FL 32792